OPINION OF THE COURT — bv the
Hon. J. R. NICHOLSON
This is an action of debt, brought on defendant’s bond, entered into for building a bridge over Bogue Chitto, in Pike county. The bond was originally entered into by Shoape, Martin and Quin, jointly. In the condi-tioh of the bond, the names of Quin and Martin were erased, which changed the undertaking to Shoape alone.
The first point presonted by the bill of exceptions is, whether this erasure was a material one? MoNabb, the Clerk of the Board of Road Commissioners, made the erasure, under the belief that Shoape alone was the undertaker, and Quinn and Martin the securities. The law under which this proceeding took place, is to be found in tho Revised Code, 357, and authorizes the Road Commissioners to contract for the building of bridges, and keeping them in repair, &c. It is not obligatory on the Board, in such contract,to take security; provided the undertakers are persons of responsibility. Hence it was competent for these three individuals to undertake jointly, and, by the erasure of the names of Quinn and Martin, Shoape alone became the undertaker, which entirely changes the face of the contract. This, then, was an erasure in a material point.
In 11 Coke, 27, a, it was resolved that, when any deed was altered in a point material, by the plaintiff himself, or by any stranger, without the privity of the obligee, by interlineations, addition, erasing, or by drawing of a pen through a line, or through the midst of any material word, that the deed thereby becomes void.
Whether an erasure be in a point material or not, is matter of law for *511 the court; 6 Dane, 232. The coprt below ought to have charged the jury that this erasure was in a point material.
Secondly — The defendant’s counsel called on the court to instruct the jury that, if Martin was not present, or did not consent to the alteration of the deed, it was void as to him, which instruction the court refused to give.
We are unanimously of opinion that the court below erred in not charging the jury that this was an erasure in a material part;. and it also erred in not giving the instruction as asked for above, by the defendant’s counsel.
The judgment below must therefore be reversed, the cause remandad, and a venire de novo awarded.